[No. 985.  Decided November 15, 1893.]

PUGET SOUND AND CHEHALIS RAILROAD COMPANY, *Appellant*, v. LOUIS P. OUELLETTE, *Respondent*.

[No. 986.  Decided November 15, 1893.]

PUGET SOUND AND CHEHALIS RAILROAD COMPANY, *Appellant*, v. W. S. ELWELL, *Respondent*.

CORPORATIONS — ACTION FOR STOCK SUBSCRIPTION — AUTHORIZATION OF BY-LAWS — PLEADING.

Under §§ 2421, 2430, Code 1881, as amended in 1886 (Laws, p. 84), subscriptions to the capital stock of a corporation may be enforced by the corporation by suit as a contract for the payment of money.

The presumption is, that a corporation in bringing suit on stock subscriptions has acted regularly according to its by-laws, and if there is any by-law which renders their action irregular, it is a matter of defense which should be pleaded.

*Appeal from Superior Court, Thurston County.*

*Charles H. Ayer*, and *Hughes, Hastings & Stedman*, for appellant.

*W. I. Agnew*, and *Phil. Skillman*, for respondent.

The opinion of the court was delivered by

STILES, J.— The almost universally accepted doctrine is, that a subscription to the capital stock of a corporation is a contract to pay money, which may be enforced by the corporation by suit.  2 Beach, Priv. Corp., § 584; 1 Morawetz, Corp. (2d ed.), § 128;  Cook, Stock, etc. (2d ed.), § 69, *et seq.*

But respondent's first point is, that that portion of § 2421 of the Code of 1881, as amended by the act of 1886 (p. 84), which reads, "such corporations, and the members thereof, being subject to all the conditions and liabilities herein imposed, and to none others," relieves the stock subscriber from all liability except that of having his stock forfeited and sold under the provisions of § 2430, as amended in 1886. (Reference is made to the Code of 1881 and amendments, because this corporation appellant was organized and the subscription made in 1888.) But the same sections provide for subscriptions to the whole of the capital stock before business can be commenced, and for the times, manner and amounts in which subscriptions shall be paid. The plain implication is that such payment may be secured or enforced in any lawful way by which other contracts for the payment of money are enforced. This, then, is a liability which is, in the language of the statute "herein imposed," though it is frequently spoken of as the common law liability of the stockholder, but he is also subject to a liability to have his stock forfeited, which is purely statutory. The internal evidence of the intention to provide these two methods of realization by the corporation is of the very strongest, in this, by § 2430, the stockholders may make by-laws prescribing the time, etc., of payments, but if the stockholders make no by-law on the subject, the trustees can demand and call in subscriptions as they see fit. Now, when it comes to selling forfeited stock for unpaid subscriptions, the sale *must* be made "as prescribed in the by-laws of the company;" therefore, the trustees must follow the by-laws, and the express authority given to them in the absence of by-laws is completely negatived. It cannot be admitted that a corporation can do nothing to collect in its capital until the stockholders make by-laws, for they may not be made at all.

And this brings the discussion to respondent's second point, viz., that the complaint did not aver that the stockholders, by their by-laws, *did not* exercise the powers granted them. The trustees collectively are the corporation, and it is the corporation alone which collects subscriptions. The general power to do this, and to do all things preliminary thereto, is vested in the trustees; and when they show that they have taken any step which the law authorizes them to take, the presumption is that they have taken it regularly. If there is any by-law on the subject which renders their action irregular it is, we think, matter of defense, and should be so pleaded.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer to the complaint.

ANDERS, SCOTT and HOYT, JJ., concur.

DUNBAR, C. J., not sitting.